UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Minnesota Energy, Inc. a Minnesota Cooperative,

Plaintiff,

v.

Ronning Engineering Company, Inc.,

Defendant.

Court File No.:01-1058 PAM/JGL

**CONFIDENTIALITY STIPULATION AND ORDER**

**STIPULATION**

WHEREAS, Defendant Ronning Engineering Company, Inc. ("Ronning") has been asked to produce certain confidential business information in the course of the above-captioned action, including but not limited to documents and information relating to Ronning's design and engineering consulting services, including but not limited to design and engineering plans, proposals and concepts, and other Ronning trade secrets or confidential commercial, proprietary, or personal information;

WHEREAS, certain documents and information have been or will be provided to or generated by the parties' expert witnesses or independent consultants, which documents and information are deemed by Ronning to contain Ronning trade secrets or other confidential commercial, proprietary, or personal information; and

WHEREAS, the parties have agreed that the above-referenced documents and information produced in the course of this litigation shall be held in the strictest confidence. NOW, THEREFORE, it is hereby stipulated and agreed between the parties hereto, by their respective undersigned counsel, that the Court may issue an Order in the form set forth below.

FILED 2-1-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Dated: January 31, 2002

**TERHAAR, ARCHIBALD, PFEFFERLE & GRIEBEL, LLP**

Lisa R. Griebel

Lisa R. Griebel, #212489
300 First Avenue North, Suite 220
Minneapolis, MN 55401
612/573-3004

**ATTORNEYS FOR DEFENDANT RONNING ENGINEERING COMPANY, INC.**

Dated: January 30th, 2002

**GISLASON & HUNTER, LLP**

Dustan Cross, #248952 #0304515
Gislason & Hunter
2700 South Broadway
P.O. Box 458
New Ulm, MN 56073-0458

**ATTORNEYS FOR PLAINTIFF MINNESOTA ENERGY, INC.**

**ORDER**

Based upon the forgoing Stipulation,

**IT IS HEREBY ORDERED:**

1. That certain confidential business information produced by Ronning or provided to or generated by the parties' expert witnesses or independent consultants in the course of this litigation are or will be deemed by Ronning to contain Ronning trade secrets or confidential commercial, proprietary, or personal information, including but not limited to information relating to Ronning's design and engineering services. The documents and information referenced in the previous sentence shall be held in strict confidence by the parties receiving it, shall be used by the parties only in their prosecution or defense of this action, and shall not be used for any other purpose. Access to said documents and information contained in them or derived from them shall be limited to members and employees of the law firms that are counsel of record herein, officers of the parties to this action, and expert witnesses, all only as necessary for the prosecution or defense of this action. Neither said documents nor any information contained in them or derived from them nor any report or summary thereof may be disclosed by any person receiving it pursuant hereto, to any other person, other than those listed above, without the prior written approval of counsel for the party which produced said documents or information, or prior order of this Court.

2. For purposes of this Order, the terms "document" and "documents" have the broadest meaning that can be ascribed to them pursuant to the Federal Rules of Civil Procedure, and include but are not limited to: drawings, design plans, sepias, blueprints, design concepts and proposals, notes, drafts, letters, correspondence, telegrams, memoranda, calendars, diaries, records, minutes, contracts, agreements, notations of conversations or conferences, inter-office

communications, bulletins, circulars, pamphlets, studies, notices, summaries, reports, books, electronic data processing disks and tapes, teletyped messages, audio and video tape recordings, photographs, graphs, charts, tables, financial calculations, financial and accounting statements and records, invoices, work sheets, ledgers, vouchers, computer disks, computer printouts, computer cards, and all other writings and recordings of every kind.

3. Inspection and/or copying of documents protected by this Order may proceed without any waiver of privilege, work product immunity, or common law or statutory right of confidentiality that may apply to the documents.

4. This Order shall continue in effect after the conclusion of this lawsuit. All parties receiving any documents or information pursuant hereto shall, at Ronning's request, return all copies thereof to Ronning at the conclusion of this lawsuit.

5. Any party knowing or believing that any other party is in violation of or intends to violate this Order may move the Court for an order to show cause seeking to hold that party in contempt of court and seeking such other relief as may be appropriate in the circumstances, including reimbursement of the producing party's costs and attorneys' fees incurred in enforcing this Order, and compensation of any damages or costs Ronning incurs as a result of such party's violation of this Order. Pending disposition of the motion by the Court, the party alleged to be in violation of or intending to violate this Order shall discontinue the performance of, and shall not undertake the performance of, any action alleged to constitute a violation of this Order.

6. Before allowing any person, as enumerated in Paragraph 1, to receive or review the documents which are the subject of this Order, the party allowing such person to review or receive the documents shall require such person to read and sign this Order, and agree to be bound by the terms of this Order. Counsel for the party allowing such person to review or receive

the documents shall keep a written list of the names of all such persons and the copy of this Order signed by each such person. In the event that Ronning knows or believes that any other party is in violation of or intends to violate this Order, counsel for the party who has allowed such person(s) to review or receive the documents shall disclose the list of the names of all such persons and the copy of this Order signed by each such person.

Dated: Feb 1, 2002

BY THE COURT:

Honorable Jonathan Lebedoff
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 708
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.